UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00319-RJC-DCK

| DANIEL WILSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| INTERCONTINENTAL CAPITAL GROUP, INC., EQUALIFY HOLDINGS, LLC, and DUSTIN DIMISA | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants eQualify Holdings, LLC ("eQualify") and Intercontinental Group, Inc.'s ("Intercontinental") (together, "Defendants") Motion to Set Aside Entries of Default (the "Motion"). (Doc. No. 11). For the reasons stated herein the Motion is **GRANTED**.

**I. BACKGROUND**

On July 19, 2022, Plaintiff filed this action asserting breach of contract and employment-related claims. (Doc. No. 1). On July 27, 2022, Plaintiff served Intercontinental. (Doc. No. 3). Intercontinental's responsive pleading was due by August 17, 2022. When Intercontinental did not timely respond to the Complaint, on August 25, 2022, eight days after Intercontinental's responsive deadline, Plaintiff moved for an entry of default. (Doc. No. 5). The next day, the Clerk entered a default against Intercontinental. (Doc. No. 6). On August 11, 2022, Plaintiff served eQualify. (Doc. No. 4). When eQualify, did not timely respond to the Complaint, on September 8, 2022, seven days after eQualify's responsive deadline, Plaintiff moved for an entry of default. (Doc. No. 8). The next day, the Clerk entered a default against eQualify. (Doc. No. 9).

Thereafter, on September 21, 2022, 26 days after the entry of default against

Intercontinental and 12 days after the entry of default against eQualify, Defendants filed the Motion to set aside their entries of default. (Doc. No. 11). In support of the Motion, Defendants attached an affidavit of Defendant Dustin DiMisa, Intercontinental's Chief Executive Officer. (Doc. No. 10-1). According to DeMisa's affidavit, the defaults were caused by confusion among counsel representing Intercontinental in another case as to whether Defendants filed a waiver of service in this case, and then later efforts by Defendants to retain counsel in this matter that do not have potential conflicts of interest. (*Id.* ¶¶ 2-13).

## II. DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure states that when a defendant fails to plead or otherwise defend his case "the clerk must enter the [defendant] party's default." Fed. R. Civ. P. 55(a). After the clerk enters a default, the party may seek a default judgment under Rule 55(b), which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). However, under Rule 55(c), "[t]he court may set aside entry of default for good cause." Fed. R. Civ. P. 55(c). A district court has discretion in deciding whether to set aside a clerk's entry of default. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

District courts consider various factors in deciding whether to set aside default entries for good cause, including: (1) "whether the moving party has a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). Of note, there is "a strong preference that, as a general matter, defaults be avoided and

that claims and defenses be disposed of on their merits." *See, e.g.*, *Colleton Preparatory Acad.*, 616 F.3d at 417 (4th Cir. 2010). Indeed, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

Here, first, Defendants believe that they have several meritorious defenses to Plaintiff's claims, particularly related to Plaintiff's job performance and certain factual allegations in the Complaint. (Doc. No. 10-1 ¶ 14). Second, Defendants acted promptly to set aside the entries of default. They filed the Motion only 26 days after the entry of default against Intercontinental and 12 days after the entry of default against eQualify. This was less than a week after Defendants retained counsel that does not have potential conflicts. (*Id.* ¶ 12). Courts have found parties acting after longer delays have acted with reasonable promptness. *See, e.g.*, *J & J Sports Prods., Inc. v. Casillas*, 2013 WL 784544, at *3 (M.D.N.C. Mar. 1, 2013) (finding defendant acted with reasonable promptness by filing a motion to set aside default within 38 days of default); *United States v. Stover*, No. 320-CV-00579-RJC-DCK, 2021 WL 3745034, at *1 (W.D.N.C. Aug. 24, 2021) (finding defendant acted with reasonable promptness by filing a motion to set aside default within 38 days of default). Third, Defendants do not appear to bear sole responsibly for defaulting. Instead, they defaulted because of confusion among counsel related to waiving service, and issues with timely obtaining counsel in this matter caused by potential conflicts with another matter involving Intercontinental. (*Id.* ¶¶ 2-12). Fourth, given the brief length of time this action has been pending; the fact that if Defendants waived service their responsive deadline would have been on dates after this Motion was filed; and the short timeframe between service on Defendants, the entries of default, and the Motion to set aside the defaults, the Court finds no prejudice to Plaintiff in setting aside the entries of default. Fifth, Plaintiff asserts a history of dilatory actions

because it sent a demand letter in April 2022, before this action, and based on emails exchanged after this action which appear to confirm there was confusion and/or issues retaining counsel without conflicts of interest. The Court does not find these facts demonstrate a history of dilatory action sufficient to overcome the strong preference in favor of setting side defaults. Last, there are certainly less drastic and more appropriate sanctions, if any, available here. Accordingly, the Court finds that good cause exists to set aside Defendant Intercontinental and Defendant eQualify's entries of default.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants eQualify Holdings, LLC and Intercontinental Group, Inc.'s Motion to Set Aside Entries of Default (Doc. No. 11) is **GRANTED**.

**SO ORDERED.**

Signed: November 22, 2022

Robert J. Conrad, Jr.
United States District Judge