# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:22-CV-319-RJC-DCK

| | |
|---|---|
| DANIEL WILSON, | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )    **MEMORANDUM AND**<br>)    **RECOMMENDATION** |
| EQUALIFY HOLDINGS, LLC,<br>INTERCONTINENTAL CAPITAL<br>GROUP, INC., and DUSTIN DIMISA, | )<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss Or Stay Litigation And Compel Arbitration" (Document No. 18). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u> in part and <u>denied</u> in part.

Plaintiff Daniel Wilson ("Plaintiff") or ("Wilson") initiated this action with the filing of a "Complaint" (Document No. 1) on July 19, 2022. Defendants' "Motion To Dismiss Or Stay Litigation And Compel Arbitration" (Document No. 18) was filed on December 12, 2022. "Plaintiff's Response…" (Document No. 21) was filed on January 5, 2023, and states that "Plaintiff agrees with Defendants that this Court should stay the litigation while the parties pursue arbitration in the appropriate forum." (Document No. 21, pp. 1-2).

The pending motion is ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## DISCUSSION

Based on the parties' briefing, including both sides' acknowledgement of an arbitration clause in the underlying "Employment Agreement" (Document No. 1-1), the undersigned finds that this matter should be stayed while the parties pursue arbitration. <u>See</u> (Document No. 18-1, p. 2 and Document No. 21, p. 1) quoting (Document No. 1-1, p. 2) ("All disputes and controversies of every kind and nature between any parties hereto arising out of or in connection with this Agreement . . . shall be submitted to Arbitration.").

Plaintiff further "acknowledges the arbitration clause in the Agreement with eQualify and the legal authority compelling the Court to stay litigation in the presence of such agreement." (Document No. 21, p. 2). Plaintiff notes that this Court cannot compel arbitration in another district, and therefore, agrees with Defendants' suggestion that the Court should "allow the parties the opportunity to initiate arbitration on their own." (Document No. 21, p. 4)(quoting Document No. 18-1, p. 8).

It appears that the parties agree that the proper venue for arbitration is in New York. <u>See</u> (Document No. 1-1, p. 3; Document No. 18-1, p. 8; Document No. 21, pp. 1-3)

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss Or Stay Litigation And Compel Arbitration" (Document No. 18) be **GRANTED** as to allowing a **STAY** while the parties pursue arbitration and **DENIED WITHOUT PREJUDICE** as to dismissal.

**IT IS FURTHER RECOMMENDED** that the parties be directed to file a Status Report, jointly if possible, on **March 1, 2023**, and **every ninety (90) days thereafter**, regarding the status of their arbitration.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: January 6, 2023

David C. Keesler
United States Magistrate Judge